1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA
10

| | |
|---|---|
| GOLD CREEK CONDOMINIUM-PHASE I ASSOCIATION OF APARTMENTS OWNERS, a Washington non-profit corporation, | CASE NO. 20-5690 RJB<br><br>ORDER GRANTING MOTION TO COMPEL |
| Plaintiff, | |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut company, THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut Company; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut Company; AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS, a Connecticut Company; TRAVERLERS CASUALTY INSURANCE COMPANY of AMERICA, a Connecticut company; and DOE INSURANCE COMPANIES 1-10, | |
| Defendants. | |

ORDER GRANTING MOTION TO COMPEL - 1

This consolidated[1] matter comes before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Compel Disclosure of Settlement. Dkt. 40. The Court has considered the pleadings filed regarding the motion and the remaining file.

This insurance coverage dispute arises from intrusive water damage alleged to be the result of "hidden damage to weather resistive barrier, sheathing and framing" throughout the Gold Creek Condominium complex which is located in Tacoma, Washington. Dkts. 12 and 29. The Plaintiff condominium owners' association alleges that the Defendant insurers issued policies that covered the damage and that they have improperly denied coverage. *Id.*

State Farm moves for an order compelling the Plaintiff to fully respond to its Interrogatory No. 17 and Request for Production No. 21 regarding the disclosure of all settlement agreements with other property insurers. Dkt. 40. For the reasons provided below, the motion (Dkt. 40) should be granted.

## FACTS

After State Farm propounded written discovery, the Plaintiff, on November 23, 2020, responded, in part, regarding potential settlement with other insurers:

> **INTERROGATORY NO. 17**: If you have entered into a settlement with any other insurer or entity that includes payment for any of the property damage alleged in this lawsuit, for each such settlement please state the name and address of the settling insurer or entity, and the amount and terms of the settlement.
>
> **ANSWER**: Overly broad and unduly burdensome. Object to the extent it requests privileged information related to confidential settlements or information otherwise protected under ER 408, attorney client privileged, or protected attorney client work product. Without waiving such objections, the Association will not produce documents related to confidential settlement agreements. No settlements have been entered into to date.

---

[1] On May 26, 2021, this case was consolidated with *Gold Creek Condominium – Phase I Assoc. of Apartment Owners v. Saint Paul Fire and Marine Ins. Co., et.al.,* U.S. Dist. Ct. for W.D. Wash. case number 21-5268, Dkt. 19. All future filings in these consolidated matters are to be filed in this case, *Gold Creek Condominium – Phase I Assoc. of Apartment Owners, v. State Farm Fire and Casualty Co.,* U.S. Dist. Ct. for W.D. Wash. case number 20-5690. *Id.*

ORDER GRANTING MOTION TO COMPEL - 2

> **REQUEST FOR PRODUCTION NO. 21**: Produce the settlement agreement, release, and all other documents and correspondence relating in any way to any settlement described in your answer to the preceding interrogatory.
>
> **RESPONSE:** Overly broad and unduly burdensome. Object to the extent it requests privileged information related to confidential settlements or information otherwise protected under ER 408, attorney client privileged, or protected attorney client work product. The Association will not produce documents related to confidential settlement agreements. No settlements have been entered into to date.

Dkt. 41 at 5. Plaintiff did not supplement these responses.

On February 21, 2022, Defendants took Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition. *Id.* at 9-12. Plaintiff's Rule 30(b)(6) deponent testified that Plaintiff entered a confidential settlement with an insurance company named "Zurich." *Id.* at 10-11. After defense counsel asked questions about the nature of the settlement with "Zurich," Plaintiff's counsel objected and directed the deponent not to answer. *Id.* at 10-12.

The parties met and conferred on March 4, 2022 and April 6, 2022 and were not able to resolve the dispute. Dkt. 41, at 2. The requirements of Fed. R. Civ. P. 37(a)(1) and Local Rule W.D. Wash. 37(a)(1) are sufficiently met.

## DISCUSSION

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

ORDER GRANTING MOTION TO COMPEL - 3

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

State Farm's motion to compel (Dkt. 40) should be granted. It has demonstrated that the settlement information sought is relevant particularly to the extent the Plaintiff is asserting that the insurers are jointly and severally liable for the damage. Information on the other settlement is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues. Rule 26(b)(1). Further, there is no showing that "the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

The Plaintiff opposes the motion, arguing that the settlement was a confidential one. Dkt. 42. The Plaintiff fails to point to any authority which holds that agreements between individuals to keep settlements confidential are protected by attorney-client privilege or work product privilege based on their agreement involving third parties. Further, whether the settlement agreement would be admissible at trial, particularly in light of Federal Rule of Evidence 408, does not change the result here.

The Plaintiff should be ordered to fully respond to State Farm's Interrogatory No. 17 and Request for Production No. 21 within two weeks of the date of this order.

To the extent the Court grants State Farm's motion, the Plaintiff "asks that the Court subject production of the settlement agreement to a protective order." Dkt. 41. To the extent the Plaintiff moves for a protective order by this request, the motion (Dkt. 41) should be denied

without prejudice.  No explanation of what the Plaintiff proposes be in the order was given.  The parties have not entered into a stipulated protective order like one based on the West. Dist. of Wash. Model Stipulated Protective Order.

## ORDER

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of April, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge