UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GOLD CREEK CONDOMINIUM-PHASE I ASSOCIATION OF APARTMENTS OWNERS, a Washington non-profit corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut company, THE AETNA CASUALTY AND SURETY COMPANY, a Connecticut Company; TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut Company; AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS, a Connecticut Company; TRAVERLERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut company; and DOE INSURANCE COMPANIES 1-10,<br><br>         Defendants. | CASE NO. 20-5690 RJB<br><br>ORDER GRANTING, IN PART, DEFENDANTS' MOTIONS TO EXCLUDE TESTIMONY OF KEITH SOLTNER |

1    This matter comes before the Court on Travelers Defendants' Motion to Exclude

2    Testimony of Keith Soltner (Dkt. 63) as joined in by Defendant State Farm (Dkt. 65).  The Court

3    is familiar with all documents at issue.

4        On June 14, 2022, Travelers Defendants' Motion to Exclude the Testimony of Keith

5    Soltner, joined by State Farm, (Dkts. 63 and 65) was denied, in part.  Dkt. 95.  The remaining

6    issues to be considered in that motion were set for a *Daubert* hearing, which was held on June

7    23, 2022.  Dkt.  100.  At the conclusion of that hearing, the Court orally ruled, denying the rest of

8    the motions.  That ruling is hereby dissolved, and is of no force or effect.

9        On June 27, 2022, the Court ordered a supplemental *Daubert* hearing on the issues to be

10    considered regarding the admissibility of Mr. Soltner's testimony (Dkts. 63 and 65).  Dkt. 103.

11    On June 29, 2022, the Court conducted that supplemental hearing by Zoom, counsel were

12    present, and Mr. Soltner testified further.  Dkt. 108.

13        At that hearing, Mr. Soltner was asked whether at the time of construction, the architects,

14    designers, and builders anticipated water access within the building envelope.  Mr. Soltner

15    responded:  "Well, I was a registered architect in 1983. Before that I worked for several

16    architectural firms. The standards back then were that the water would get in, but it would not

17    cause a whole lot of damage to the sheathing if this exception was allowed. It was standard

18    practice."

19        At his deposition, which was taken earlier, Mr. Soltner testified that, "[t]he rain that hit

20    the building can't be identified as to exactly what day and what storm event. That's impossible to

21    do. There is no weather data that can support any of that." But then he added, "We can tell you

22    that on a more-probable-than-not basis these type storms hit the building. We know it got hit

23    with wind-driven rains because the damage is there."

24

ORDER GRANTING, IN PART,  DEFENDANTS' MOTIONS TO EXCLUDE TESTIMONY OF KEITH
SOLTNER - 2

1       At the June 29, 2022 hearing, the Court asked whether some rain does not cause a

2   problem and Mr. Soltner said, "[c]orrect, some wouldn't.  There is no way to identify which is

3   which."  Further, the Court asked, "I take it there's no way to determine when -- from the

4   completion of the construction of the building, that you can identify when wind-driven rains

5   started to become a loss or a damage to the building?"  Mr. Soltner answered, "[N]o, there is no

6   way of determining that. On a more-probable-than-not basis I'm assuming the water entry

7   occurred shortly after it was completed. But there isn't a way of determining when the actual

8   damage occurred, other than the standard progression is it starts with water-stained paper."

9       On further consideration, and in light of the totality of the Soltner testimony, the motion

10  (Dkts. 63 and 65) should be granted, in part, as to whether Mr. Soltner can testify to when the

11  loss or damage from wind-driven rain at Gold Creek occurred.  His testimony as to whether the

12  loss occurred during the relevant policy periods is not consistent with the requirements of

13  *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael,*

14  526 U.S. 137 (1999), and Rules of Evidence 701 and 702.  (The building was constructed in

15  1982.  State Farm's policy period was 1989 to 1990 and Travelers Defendants' policy period was

16  1991 to 1996.) Testimony that the loss or damage occurred during the policy periods in this 40-

17  year-old building is speculative and is based on assumptions not supported by the evidence or

18  Mr. Soltner's experience. That testimony should be excluded.

19      **IT IS SO ORDERED**.

20      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

21  to any party appearing pro se at said party's last known address.

22

23

24

ORDER GRANTING, IN PART,  DEFENDANTS' MOTIONS TO EXCLUDE TESTIMONY OF KEITH
SOLTNER - 3

1   Dated this 1st day of July, 2022.

2

3

4   ROBERT J. BRYAN
    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING, IN PART,  DEFENDANTS' MOTIONS TO EXCLUDE TESTIMONY OF KEITH
SOLTNER - 4